**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Kellen M. Leonard,  )<br> )<br>   Plaintiff,  )<br> )<br>vs.   )<br> )<br>Frank Bisignano, Commissioner of Social  )<br>Security Administration,  )<br> )<br>   Defendant.  )<br>_____) | Civil Action No. 6:25-1070-RMG |

  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 19, 2025, recommending that the Commissioner's decision be affirmed. (Dkt. No. 11). The Magistrate Judge gave the parties notice that they had a right to file written objections to the R & R within 14 days of the R & R, and the failure to file objections would result in clear error review and a waiver of the right to appeal the district court's decision. (*Id*. at 21). No objections were filed to the R & R.

## Legal Standard

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

Plaintiff, who was 38 years of age on the alleged disability onset date, asserted claims of disability on the basis of mental and physical impairments. The Administrative Law Judge (ALJ) found that Plaintiff had the following severe impairments: left elbow fracture, PTSD, and a mood disorder. Despite these severe impairments, the ALJ found that Plaintiff retained the Residual Functional Capacity (RFC) to perform less than the full scope of light work and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform consistent

with his RFC. (Dkt. No. 4-2 at 31, 38-40, 41). Based on these findings, the ALJ found that Plaintiff was not disabled under the Social Security Act. The decision of the ALJ was adopted as the order of the Commissioner, and Plaintiff thereafter filed a notice of appeal with this Court.

Plaintiff asserted on appeal that the Commissioner erred in not relying on late evidence provided by Dr. Yashbir Rana as a result of a video examination conducted after the ALJ's decision. Plaintiff further alleged errors regarding the ALJ's Listing Analysis and RFC determination. (Dkt. No. 6). The Magistrate Judge accurately described the Plaintiff's brief as "spanning only four pages" and referenced "little to no record evidence in support of his assertions of error . . ." (Dkt. No. 11 at 5). The Magistrate Judge found that Plaintiff failed to establish "good cause" for the late submission of new medical evidence and that there was substantial evidence to support the ALJ's findings regarding the Listing Analysis and RFC. (*Id*. at 7-20). The Magistrate Judge recommended that the Commissioner's decision be affirmed. (*Id*. at 20). As previously mentioned, Plaintiff filed no objections to the R &R.

The Magistrate Judge ably addressed the factual and legal issues in this appeal and correctly concluded that the Commissioner's decision should be affirmed. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 11) and affirms the decision of the Commissioner.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 6, 2026